HEARD MARCH TERM, 1875.

STATE *vs.* KILCREASE.

Witnesses examined before a grand jury upon a bill of indictment must be sworn in open Court, and if not so sworn the indictment must be quashed.

BEFORE CARPENTER, J., AT EDGEFIELD, MARCH TERM, 1874.

Indictment against Henry Kilcrease for murder.

The witnesses on the part of the State, who testified before the grand jury which found the bill of indictment against the prisoner, were not sworn in open Court before testifying, but were sworn by the grand jury, and on this ground a motion was made on behalf of the prisoner, before he put in his plea, to quash the indictment. The motion was overruled and the prisoner excepted to the ruling.

The prisoner was then put upon trial and found guilty. After sentence passed, he appealed to this Court.

*Gary*, for appellant.

*Runkle*, Solicitor, contra.

Columbia, March, 1875.

January 17, 1876.   The opinion of the Court was delivered by

Moses, C. J.   The motion made in the Court below to quash the indictment should have prevailed.   The practice in this State, following the rule of the common law, which required that the witnesses on whose testimony the bill of indictment is to be passed upon by the grand jury must be sworn in open Court, is coeval with its administration of the criminal law.   So important has it been considered as one of the securities which of right belong to the accused, that the Legislature has never attempted to deprive him of its enjoyment, or in any way to abridge the safeguards with which the common law surrounds a party charged by a bill with a wrong against the State.   A grand jury, it is true, may either on their own information or that derived from other source make a presentment on which a bill may be prepared and submitted by the prosecuting officer.   But, even then, the witnesses to sustain it are sworn in open Court, and no other course has ever been pursued in this State.   It is true, in some of the States a change has been made by statute, but in South Carolina the rule of the common law has always been followed.   In Chitty on Criminal Law, (vol. 1, 322,) it is said "each witness, before he leaves the Court, is sworn that the evidence he shall give to the grand inquest against the defendant shall be the truth, the whole truth, and nothing but the truth."

Mr. Archbold, in his first volume of Criminal Pleadings and Practice, page 98, says: " The witnesses must be sworn in open Court, and during the time the Court is sitting."   See also Wharton's America's Criminal Law, § 488.   Neither the foreman of the grand jury nor either of his fellows is authorized, by the mere character of their office, to administer an oath, and it is more than questionable if perjury can be assigned on false swearing before them.   If the witnesses are not sworn in open Court, what guaranty has the accused that they were sworn before their evidence was taken ?   In the *United States* vs. *Coolidge*, (2 Gall, 364,) it was held that if the grand jury receive the testimony of one not under oath, the indictment will be quashed.   If the forms and sanctions which have heretofore been recognized as the bulwarks of the trial by jury are not rigidly adhered to, the constitutional requisition that "it shall remain inviolate" will fail to accomplish the great objects it was intended to secure.   No matter how strong the edifice may be, if the pillars on which it rests one by one are weakened, the

great work, consecrated by time, must at last crumble into dust. It is safest to retain it in its pristine form and vigor.

As the motion must prevail on the ground first taken, it is not necessary to consider the other points raised by the appeal.

The motion to quash the indictment is granted.

*Wright*, A. J., and *Willard*, A. J., concurred.